## DOWLING v. LUCKING et al.

(Circuit Court of Appeals, Sixth Circuit.
June 8, 1926.)

No. 4440.

**1. Warehousemen ☞27—Developments under Prohibition Act held not to entitle distillery warehouse owner to recover on quantum meruit rather than on contract for services.**

That situation developing under National Prohibition Act required services of distillery warehouse owner, greater than were contemplated in contract between her and owner of whisky warehouse receipts made in 1920, *held* not to relieve her from obligation under contract, or entitle her to pay on quantum meruit.

**2. Warehousemen ☞27—Distillery warehouse owner held not entitled to complain at loss of opportunity to do bottling for owner of warehouse receipt at price provided in contract.**

Distillery warehouse owner, whose contract with owner of whisky warehouse receipts pro-

*Rehearing denied October 7, 1926.

vided for bottling at a stated price, but contained no obligation on part of receipt holder to have bottling done, *held* not entitled to complain, because, pursuant to action of Commissioner of Internal Revenue, whisky stored was moved to another warehouse, where bottling was done by another.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action between Mary M. Dowling and William Lucking and others. Judgment for the latter, and the former appeals. Affirmed, and cause remanded.

Wm. T. Fowler, of Frankfort, Ky. (O'Rear, Fowler & Wallace, of Frankfort, Ky., on the brief), for appellant.

Thos. L. Pogue, of Cincinnati, Ohio (Pogue, Hoffheimer & Pogue, of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. [1, 2] 1. The substantial question involved is as to the meaning of a contract, in the light of the undisputed facts. Mrs. Dowling, a distillery warehouse owner, agreed with the owner of whisky warehouse receipts to furnish certain storage and handling service for a specified charge. Upon eventual settlement, the warehouseman made much greater charges, and insisted that the situation which had developed under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) had so changed the subject-matter as to relieve her from the contract and entitle her to pay as upon a quantum meruit. This contention cannot be approved. The contract, made in August, 1920, took into account this changed situation, and specified charges about four times as great as had been the pre-prohibition current rate between the same parties, or their predecessors, for the same service. That further changes in the situation, and in the additional value of the contract service, turned out to be greater than the warehouseman then anticipated, does not justify discarding the contract.

2. The contract provided a price at which the warehouseman would do bottling. There was no express obligation on the part of the receipt holders to have their whisky bottled at this warehouse, or at all, and we find no obligation to that effect sufficiently implied— at least, not beyond the bottling already done. Hence the warehouseman had no rights which entitled her to complain of the action of the Commissioner of Internal Revenue in direct-

ing the transfer of this whisky in the course of concentration to the warehouse selected by the receipt holders, where the bottling was beyond her control, rather than to a concentration warehouse selected by her, where she could have continued this work, or had it done in her interest.

The decree below is affirmed, and the case remanded for further appropriate proceedings.